[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Barbara J. Nash, age 45, whose maiden name was Barbara J. Sroka, and the defendant, Ernest R. Nash, age 49 were married at Mount Kisco, New York on October 9, 1966. There are two children issue of the marriage, Cory, age 24 and Christopher, age 18. Cory is a college graduate living at home with his mother to whom he contributes fifty dollars a week. Christopher is a college student who has three and a half years to complete his education.
Problems in the marriage began approximately ten years ago and escalated in about 1986. The major problem was excessive drinking by the defendant which affected his personality, caused him to be verbally abusive, aggressive and uncommunicative. The defendant, while admitting he sometimes drank to excess denied that he was an alcoholic. Although both parties were employed and the defendant was earning a reasonably good salary, the parties still had money problems.
In addition over the years, Mr. Nash became overly friendly with a female employee at Reader's Digest. While there is not convincing proof of adultery, the relationship was more than platonic and caused severe emotional upset to the wife. By reason of threats by the woman's husband, Mrs. Nash was forced to vacate the family home while the parties were still living together. The situation became so intolerable that the plaintiff directed the defendant to leave the marital home which he did on October 30, 1989. It is apparent that the cause of the breakdown of the marriage rests primarily with the defendant.
Mr. Nash is a high school graduate with a year and a half of college. He is employed at Reader's Digest as an applied technician manager. Mrs. Nash is a high school graduate employed at Greentree Toyota as a bookkeeper. The income tax returns of the parties declare gross wages in 1986, husband, $55,519.60, wife $12,645.04; 1987, husband $61,932.86, wife $14,183.21; 1988, husband $69,584.85, wife $17,463.30; 1989, husband $64,344.98, wife $19,640.75; and 1990, husband $70,318.05, wife $22,478.93.
The parties jointly own real estate located at 1 Gretl Lane, New Milford valued at $200,000.00 with two mortgages totaling $146,586.00. Mr. Nash owns a lot at Ridge Street, Katonah, New York with a value of $60,000.00, with a mortgage of $10,000.00. Each party owns two motor vehicles although one of the plaintiff's vehicles is actually the property of the son, Cory.
Mr. Nash has an IRA account with a value of $3,900.00 as well as a profit sharing account with a value of approximately $76,655.00. In addition he has a pension plan which has been represented to pay CT Page 10634 $3,813.00 per month commencing December 1, 2007. The defendant shall provide written notification of this figure to the plaintiff within two weeks or written authorization to her counsel within that time. Mrs. Nash has no pension plan or retirement investment. She is, however, the beneficiary of an estate from which she hopes to receive $30,000.00 less capital gain taxes to be used for Christopher's education.
It is apparent that the defendant's income is greatly superior to that of the plaintiff. In addition he periodically receives a bonus in the neighborhood of $5,000.00 as well as annual raises. Following their separation, Mr. Nash paid monthly to Mrs. Nash $1,450.00. He now seeks to reduce that amount of $650.00 to $750.00 per month on the claim that such a payment will "split the joint net salaries per month on a 50-50 basis." The court does not concur in the calculation by the defendant.
In 1990, the joint return of the plaintiff and the defendant showed income for the husband of $70,318.05, income tax withheld $15,397.72 and social security $3,924.45. For Mrs. Nash, the tax return revealed income of $22,478.93, income tax withheld $3,119.84 and social security, $1,779.64. There was a tax refund of $1,782.00 which if split on an income percentage basis would reduce the husband's income tax by $1,416.60 to $13,981.12 and the wife's by $365.40 to $2,754.44. In addition to the above, Mr. Nash was subject to a $3,600.00 income tax for the State of New York.
The net income of the plaintiff and the defendant is found as follows:
Husband Wife
Income $ 70,318.05 Income $ 22,478.93
Income tax -13,981.15 Income tax — 2,754.44
New York State Tax — 3,606.00 Social Security — 1,719.64
Social Security — 3,924.45 $ 48,809.48 $ 18,004.85
The total income of the parties is therefore $66,814.33, $48,809.48 plus $18,004.85. Half of the total income is $33,407.16 and to bring the plaintiff equal would require $15,402.31, $33,407.16 minus $18,004.85. If the incomes were to be split on a 50-50 basis, the alimony ahead would be $1,284.00 per month. In view of the fact that the plaintiff will be left with substantial mortgages with some of the funds used by both parties during the marriage, the court finds that the monthly alimony owed should be $1,400.00 per month until July 1, 1995, together with one-half of any bonus received by the defendant, to be paid within ten days of receipt of said bonus. CT Page 10635
Taking all factors into consideration the court finds that the marriage has broken down irretrievably and enters the following orders:
1. The defendant shall pay to the plaintiff monthly alimony in the amount $1,400.00 which he is to pay bi-monthly on or before the 5th day and 20th day of each month commencing January, 1992 until July 1, 1995 and in addition one-half of any bonus received by him within ten days of receipt. On and after July 1, 1995 the defendant shall pay monthly alimony in the amount of $1,000.00 payable bi-monthly on or before the 5th and 20th day of each month until December 1, 2007 and in addition one-third (1/3) of any bonus received by him. Any alimony payment shall terminate upon the death of either party or the plaintiff's remarriage. The defendant shall pay to the plaintiff any outstanding balance on the pendente lite order of $1,450.00 per month through December 31, 1991 or until a final judgment in the event of an appeal.
2. The defendant shall transfer to the plaintiff the real property located at 1 Gretl Lane, New Milford, Connecticut, together with the personal property therein. The plaintiff shall be responsible for the monthly mortgage payments, taxes, and insurance and shall indemnify and hold the defendant harmless from any and all claims or causes of action associated therewith.
3. The plaintiff shall transfer to the defendant her interest in the property located at Ridge Street, Katonah, New York. The defendant shall be responsible for all taxes and any other expenses related to said property and shall indemnify and hold the plaintiff harmless from any and all claims or causes of action associated therewith.
4. The defendant has a profit sharing account through his employer at Reader's Digest Corporation. There is presently a loan against said account as of the spring of 1993 when the loan is repaid in full. The defendant shall pay to the plaintiff fifty (50%) percent of the value of the profit sharing account as of the spring of 1993 when the loan is repaid in full.
5. The defendant has a pension through Reader's Digest. The plaintiff shall receive thirty-three and one-third percent (33 1/3%) of the value of said pension that the defendant earns while employed at the Reader's Digest Corporation. A qualified domestic relations order shall enter to effectuate this provision.
6. The defendant shall maintain a life insurance policy in the amount of one hundred twenty five thousand twenty-five and no/100 dollars ($125,000.00), naming the plaintiff as irrevocable beneficiary until such time as he is no longer obligated to pay alimony to the plaintiff.
7. With the exception of the specific provisions as set forth CT Page 10636 herein, the parties shall each be responsible for any debts reflected on their respective financial affidavits submitted at the time of the final hearing.
8. The plaintiff shall have the income tax deduction for the son, Christopher insofar as allowed by the Internal Revenue Service.
Judgment may enter accordingly, dissolving the marriage.
PICKETT, J.